# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7992 | **DATE** | 10/11/2012 |
| **CASE TITLE** | Addition & Detoxification Institute, LLC vs. Rapid Drug Detox Center | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, Plaintiff's motion to compel [26] is granted in part and denied in part.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

On November 9, 2011, Plaintiff Addiction & Detoxification Institute, LCC ("ADI" or "Plaintiff"), a New Jersey corporation with its principal place of business in Mechantville, New Jersey, filed a complaint alleging patent infringement against Defendant Rapid Detox Center ("RDD" or "Defendant"), a Michigan corporation with its principal place of business in Livonia, Michigan. On March 8, 2012, Defendant filed a motion to transfer venue to the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1404(a). In response to Defendant's motion to transfer, Plaintiff filed a combined motion to compel jurisdictional and venue related discovery, to extend time to answer Defendant's motion to transfer and/or in the alternative to dismiss Defendant's motion to transfer. Plaintiff claims that it requires jurisdictional and venue related discovery in order to reply to Defendant's motion for transfer.

On March 25, 2012, this Court granted limited discovery solely for purposes of the pending motion to transfer. ADI submitted jurisdictional and venue related interrogatory requests to RDD. RDD objected to these requests to the extent that they constituted an annoyance, oppression, or undue burden or expense pursuant to Fed. R. Civ. P. 26(c) while providing ADI with some answers to their requests. RDD argues that ADI's requests are overly broad, impose a burden to exercise more than reasonable efforts to generate responses, and irrelevant to Defendant's motion for transfer. ADI contends that RDD has ignored and refused to supply answers to requested interrogatories which Plaintiff alleges are essential for it to reply to

**STATEMENT**

RDD's motion to transfer. For the foregoing reasons, Plaintiff's motion to compel is granted in part and denied in part.

A district court may transfer a civil action to another district or division where it might have been brought for the convenience of parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404 (a). The court may transfer venue when the following elements are met: (1) venue is proper in this district; (2) venue and jurisdiction is proper in the transferee district; (3) the transferee district is more convenient for both parties and witnesses; and (4) transfer would serve the interests of justice." *Swingaway Sports Prods. v. Escalade*, Inc., No. 11 C 7949, 2012 U.S. Dist. LEXIS 57556 at * 5 (N.D. Ill. Apr. 23, 2012). The convenience of the witnesses is often considered the most important factor in the transfer analysis and this case is no different. *Genocide Victims of Krajina v. L-3 Servs.*, 804 F. Supp. 2d 814, 823 (N.D. Ill. 2011). Therefore, in its convenience analysis, this Court will consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Id.* In considering the convenience of the parties, a court should consider the parties' respective residences and their ability to bear the expenses of litigating in a particular forum. *Id.* at 826. With respect to the interest of justice inquiry, a court should consider: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue. *Id.* The movant bears the burden of establishing that transfer to the transferee court is more convenient. Accordingly, this Court's narrow grant of discovery was to provide ADI with information found only within the hands of RDD and necessary for ADI to contest the abovementioned factors and RDD's assertion that Michigan is a more convenient forum.

ADI propounded twenty interrogatory requests seeking information regarding RDD's Illinois customers, businesses, and contacts. ADI contends that the requested discovery will show Defendant's frequent and targeted contact with the forum, ease of travel by RDD to the forum court, RDD's "significant market penetration" into Illinois, RDD's lack of concern regarding any inconvenience associated with litigating matters in the Northern District of Illinois, and that this Court is the more convenient forum for witnesses. RDD responds that ADI's requests seek information that "RDD simply does not possess" and that this goes to issues of personal jurisdiction and improper venue, not convenience.

The Court agrees with RDD. A review of ADI's requests shows that they are overly broad and focused on establishing business contacts, communication, and "market penetration" by RDD in Illinois. Although ADI finds RDD's responses unsatisfactory and incredible, absent any indication of impropriety or misrepresentation on the part of RDD, the Court accepts their sworn affidavits and representations as true for

**STATEMENT**

purposes of this motion. Accordingly, the Court grants ADI's motion to compel in part and denies it in part.

The court grants ADI's motion to compel supplementation regarding the following interrogatories:

- Interrogatory 1: Because the convenience of the witnesses is considered the most important factor in a transfer analysis, RDD must provide further information concerning the customers' names and their exact locations within Illinois, specifically if they are located within the Northern District of Illinois. RDD need not provide information concerning solicitation or communications leading up to treatment or follow-up with such patients.
- Interrogatories 5, 15, 18, and 20: To the extent that these requests seek to demonstrate RDD's ability to bear the expenses of litigating in Illinois for purposes of convenience, they are relevant. However, ADI's requests as stated are overly broad. Therefore, RDD need not provide all details of its finances or sales as requested in order to demonstrate that it can or cannot bear the expenses of litigating in Illinois. RDD need only provide a general statement as to the company's worth demonstrating its overall financial capability.

ADI's motion to compel regarding all remaining interrogatories is denied. Requests regarding solicitations, mailings, advertisements, publicity, publications, phone calls, correspondence, or business opportunities are all overly broad for purposes of the pending motion to transfer. Accordingly, all remaining interrogatory requests attempting to establish RDD's "ease of penetration" and "market penetration" of Illinois need not be supplemented.