# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ADDICTION & DETOXIFICATION INSTITUTE, LLC,<br>   Plaintiff, | ) ) ) ) | |
| v. | ) ) | Case No. 11-cv-7992 |
| RAPID DRUG DETOX CENTER,<br>   Defendant. | ) ) ) | Judge Sharon Johnson Coleman |

**MEMORANDUM, OPINION, AND ORDER**

On November 9, 2011, Plaintiff Addiction & Detoxification Institute, LCC ("Addiction Detox"), a New Jersey corporation with its principal place of business in Merchantville, New Jersey, filed a complaint alleging patent infringement against Defendant Rapid Detox Center ("Rapid Detox"), a Michigan corporation with its principal place of business in Livonia, Michigan. On March 8, 2012, Defendant filed a motion to transfer venue to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)"). For the reasons below Rapid Detox's motion is granted.

**Background**

The United States Patent and Trademark Office issued two patents to Addiction Detox involving methods of rapidly detoxifying opioid addict patients. Patent 5,789,411 ("Patent '411") involves detoxification by means of sedation and a narcotic antagonist to relieve a patients conscious symptoms. Patent 6,004,962 ("Patent '962") involves detoxification by means of sedation, intubation, ventilation, paralyzing the patient, and injecting an aggressive opioid antagonist. Addiction Detox's sole allegation against Rapid Detox is for patent infringement. Addiction Detox alleges that Rapid Detox has infringed on its patents by making, using, selling or offering for sale the detoxification procedures described in Patents '411 and '962.

**Legal Standard**

28 U.S.C. § 1404(a) provides "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404 (a). The court may transfer venue when "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is

in the interests of justice." *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, No. 02 C 7491, 2003 U.S. Dist. LEXIS 14691, at *10 (N.D. Ill. Aug. 22, 2003); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986).

**Discussion**

In determining a question of transfer pursuant to § 1404(a), venue must be proper in both the transferor and transferee courts. 28 U.S.C. § 1400(b) provides that venue in patent infringement cases is proper "where the defendant resides or where the defendant has committed acts of infringement." Addiction Detox alleges that Rapid Detox directly infringed on its patents by making, using, selling, and offering for sale in the United States activities, methods and procedures claimed in the patents. (Compl. at ¶ 8). The parties do not dispute that Rapid Detox advertised and offered to sell its alleged infringing procedures nationwide including to Illinois residents. Accordingly, because Rapid Detox resides in Michigan for purposes of venue and because Addiction Detox sold or offered for sale the alleged infringing procedures in Illinois, venue in both the transferor and transferee courts is proper.

Transfer must also be for the convenience of the parties and witnesses. When evaluating the convenience of the parties and witnesses, courts consider: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience to the parties, and (5) the convenience of the witnesses. *Clear Lam,* 2003 U.S. Dist. LEXIS 14691, at *11.

1. *Plaintiff's Choice of Forum*

A plaintiff's choice of forum is generally entitled to substantial weight and deference. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001); *see also Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). However, this deference is lessened where the plaintiff chooses a forum that is not his home forum or has little connection with the relevant facts giving rise to the litigation. *See Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 992-993 (N.D. Ill. 2012).

Here, Addiction Detox's chosen forum is Illinois. Addiction Detox's arguments notwithstanding, its home forum is New Jersey, where it was incorporated and has its principal place of business. Moreover, the Northern District of Illinois has relatively weak connections with the operative facts giving rise to the litigation, as only a fraction of the Rapid Detox's sales are to Illinois customers. *See Body Sci.*, 846 F. Supp. 2d at 993. Rapid Detox asserts that less than 1% of its customers reside in Illinois. (Rapid Detox Reply at 6). While Rapid Detox admits that it advertises its detoxification procedures throughout the United States, including Illinois, "sales alone

are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states." *Id.* at 992. While Rapid Detox may sell its detoxification procedures to clients located in Illinois, the allegedly infringing process is performed solely in the Eastern District of Michigan. (Katz Decl. at ¶ 8). Addiction Detox attempts to argue that the location of its attorneys in Illinois somehow establishes significant connections weighing against transfer. However, "it is well-settled that consideration of the convenience of Plaintiff's counsel is not an appropriate factor to consider when evaluating transfer." *Body Sci.*, 846 F. Supp. 2d at 993; *see also Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Accordingly, this Coiurt gives less deference to Addiction Detox's choice of forum and this factor weighs in favor of transfer.

    2. *Situs of Material Events*

In patent infringement actions, "the situs of the injury is the location, or locations, at which the infringing activity directly impacts on the interests of the patentee." *Body Sci.*, 846 F. Supp. 2d at 993. Courts typically focus on the location of the allegedly infringing sales or the alleged infringer's place of business; however, where a defendant sells its products throughout the country, the fact that the defendant also sells its products in Illinois is not determinative. *Id.* Accordingly, "in patent infringement cases, the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents, rather than upon those of the plaintiff." *Id.*

Here, all of the central facts surrounding the patent infringement dispute relate to activities that took place in Michigan. Rapid Detox argues that the situs of material events is the Eastern District of Michigan because that is where Rapid Detox has its principal place of business, where material policy decisions related to the alleged infringing process were made, and the only location where the alleged infringing process is performed. (Rapid Detox Mot. to Transfer at 7). Addiction Detox argues that Illinois is the situs of material events because Rapid Detox advertises to potential patients in Illinois through its website and has sold its detoxification process to Illinois customers. (Addiction Detox Resp. at 6-9). Although Rapid Detox may have Illinois customers who traveled to Michigan to undergo the alleged infringing process, the mere fact that these customers are from Illinois is insufficient to make Illinois the situs of material events. THerefore, the situs of material events is Michigan, and this factor weighs in favor of transfer.

    3. *Relative Ease and Access to Sources of Proof*

The third factor to consider in evaluating whether transfer is warranted is the relative ease of access to sources of proof in each forum including the power of the court to compel the appearance

3

of witnesses and the costs of obtaining the attendance of witnesses. *Coolsavings.com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp. 2d 1000, 1006 (N.D. Ill. 1999). Rapid Detox argues that all of its records are in Michigan. This factor is of little import in patent cases when the documents are easily transferable. *Radiation Stabilization v. Varian*, 11 C 7701, 2012 U.S. Dist. LEXIS 72088, at *5-6 (N.D. Ill. May 23, 2012). Addiction Detox argues that most of Rapid Detox's clients reside outside of Michigan and that transfer to Michigan would place all potential Illinois, non-party witnesses outside of the Michigan court's subpoena power. Rapid Detox's argument is unpersuasive. Rapid Detox fails to present any reason why Illinois customers are material witnesses or more essential than Michigan customers. "To establish liability in a patent infringement case, plaintiffs generally need to discover primarily the design, development and engineering of the accused device." *Body Sci.*, 846 F. Supp. 2d at 994. Illinois customers offer minimal, if any, proof of the alleged infringing procedures especially when they were sedated and/or paralyzed during the alleged infringing process. This factor is neutral and does not weigh in favor of, or against, transfer.

    4. *Convenience to the Parties*

"In analyzing the convenience of the parties, the Court must consider their respective residence and abilities to bear the expense of trial in a particular forum." *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 U.S. Dist. LEXIS 13871, at *12 (N.D. Ill. July 20, 2004). Here, neither party is incorporated or has its principal place of business in Illinois. The parties do not suggest nor is there any evidence that the parties are unable to bear the expenses of trial in either Illinois or Michigan. "In a patent infringement case, practicality and convenience are best served when it is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field." *See Greene Mfg. Co. v. Marquette Tool & Die Co.*, 97 C 8857, 1998 U.S. Dist. LEXIS 10656, at *6-7 (N.D. Ill. July 8, 1998) (internal quotations omitted). Here, even though Rapid Detox's clients are residents of various states including Illinois, the alleged infringing procedures all occurred in Michigan, Rapid Detox's principal place of business. Accordingly, the convenience of the parties weighs in favor of transfer.

    5. *Convenience of the Witnesses*

The determination of the convenience of witnesses is often considered the most important factor in the transfer balance. *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C

2728, 2004 U.S. Dist. LEXIS 13871, at *12-13 (N.D. Ill. July 20, 2004).  In assessing the convenience of the witnesses, courts consider the "number of witnesses in each forum; the nature, quality, and importance of the witnesses' testimony with respect to the issues of the case; the expense of transportation and the length of time the witnesses will be absent from their jobs; and whether the witnesses can be compelled to testify."  *Kammin v. Smartpros, Ltd.*, 07 C 2665, 2007 U.S. Dist. LEXIS 75914, at *5-6 (N.D. Ill. Oct. 9, 2007) (internal quotations omitted).  The convenience of employee witnesses, however, is distinguished from non-party witnesses and is given little weight because of the ability of parties to compel their employees' appearances at trial.  *Id.*; *see also Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999).  Accordingly, the convenience of non-party witnesses is substantially more important than the convenience of party witnesses.  Rapid Detox argues that its key witnesses, including Rapid Detox's owner Jeanne Katz, are located in Michigan.  However, this Court affords little weight to this argument.  It is assumed that witnesses in the parties' control will appear voluntarily. *See Costar Realty Info., Inc. v. CIVIX-DDI, LLC*, No. 12 C 4968, 2012 U.S. Dist. LEXIS 149888, at *8 (N.D. Ill. Oct. 18, 2012).

   A party seeking transfer "should specify particular third party witnesses who reside outside the district and whose testimony will be needed, and generally explain the nature of their testimony, in order to prevail with respect to this factor."  *Radiation*, 2012 U.S. Dist. LEXIS 72088, at *7.  Both parties identify non-party witnesses in support of their arguments for or against transfer.  Addiction Detox argues that there are at least twenty-nine potential Illinois resident patients who were treated by Rapid Detox, weighing against transfer.  Rapid Detox argues that any potential Illinois residents are immaterial compared to third-party health care providers, located in Michigan, who performed the alleged infringing procedures.  Rapid Detox argues further that the third-party health care providers are more essential witnesses than any Illinois customers because the patients undergoing the drug detoxification procedure at issue cannot testify concerning the alleged infringing procedures because they were either sedated and/or paralyzed during the procedures.  (Rapid Detox Reply at 3).  Rapid Detox also argues that Illinois resident patients are no more material or key than patients who reside in Michigan or elsewhere and that their testimony would be marginal at best.  *Id*.  This Court agrees with Rapid Detox that the nature of testimony from potential witnesses who performed the alleged infringing procedure is more essential than testimony from Illinois customers who purchased the procedure eventually performed in Michigan.  While Addiction Detox argues that most of Rapid Detox's customers are from outside of Michigan,

5

Addiction Detox does not assert that there are no Rapid Detox customers within Michigan. Addiction Detox fails to demonstrate the importance of testimony from customers who reside in Illinois specifically over any other customers in Michigan or elsewhere. This Court finds that the convenience of the witnesses factor weighs in favor of transfer.

Lastly, transfer must be in the interests of justice. The interest of justice analysis relates to the efficient functioning of the courts and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result. *See Clear Lam Packaging,* 2003 U.S. Dist. LEXIS 14691, at *9-13. Factors to consider include "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009). In a patent infringement cases, because the applicable law is the same nationwide, familiarity with the applicable law is not an issue. *Rabbit*, 598 F. Supp. 2d at 841. Addiction Detox attempts to argue that transfer is inappropriate because non-party Illinois customers will be outside of a Michigan court's subpoena power. Once again, Addiction Detox fails to show why Illinois customers who traveled to Michigan for the alleged infringing procedures are more material than other customers found in Michigan or elsewhere. Additionally there is no evidence that transfer will slow the speed at which the case will proceed to trial. Consequently, transfer is in the interests of justice.

**Conclusion**

Accordingly, Rapid Detox's motion to transfer is granted.

IT IS SO ORDERED.

_____
Date: March 11, 2013

_____
Sharon Johnson Coleman
United States District Judge